

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-5-2007

# Catanzaro v. Cottone

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4010

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

## Recommended Citation

"Catanzaro v. Cottone" (2007). *2007 Decisions.* Paper 1341.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1341

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-145                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4010
_____

ANTHONY P. CATANZARO,

Appellant

v.

JOHN COTTONE, Judge, Lackawanna County, in his official and
individual capacity; JOHN L. MUSMANNO, Judge, Pennsylvania
Superior Court, in his official and individual capacity;
JUDGE GANTMAN, Pennsylvania Superior Court, in official and
individual capacity; PHYLLIS W. BECK, Judge, Pennsylvania
Superior Court, in her official and individual capacity

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. PA. Civ. No. 05-cv-00712)
District Judge: Honorable Robert F. Kelly

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 8, 2007

Before:  BARRY, AMBRO and FISHER, CIRCUIT JUDGES

(Filed April 5, 2007)
_____

OPINION
_____

PER CURIAM

Anthony P. Catanzaro appeals pro se from an order of the United States District

Court for the Middle District of Pennsylvania dismissing his § 1983 complaint alleging violations of his constitutional rights in his divorce proceedings.

In April 2005, Catanzaro filed a § 1983 complaint, asserting that the defendants conspired to retaliate against him by violating his rights to due process and equal protection in the course of divorce proceedings beginning in 1997 and continuing to 2004. He alleges that Judge Cottone conspired with Judge Harhut, President Judge of the Lackawanna County Court of Common Pleas ("President Judge"), to retaliate against Catanzaro for his "past history of personal conflict" with the President Judge [1] and for his filing lawsuits against judges, including Judge Cottone, who presided over Catanzaro's divorce. According to Catanzaro, in furtherance of the conspiracy, Judge Cottone continued to preside over matters relating to Catanzaro's divorce proceedings in 2003, while he was named as a defendant in Catanzaro's federal civil rights action filed in 2001. Catanzaro alleges that Judge Cottone refused to recuse himself on two different occasions in 2003. Catanzaro also alleges that Judge Cottone conspired with Brian Cali, Esq., the divorce attorney for Catanzaro's ex-wife, to give the ex-wife more favorable treatment in the division of monies obtained from the sale of their home. He asserts that Judge Cottone, the President Judge, and Cali conspired to retaliate against him for filing motions in the Pennsylvania Superior and Supreme Courts seeking the appointment of an out-of-county judge to preside over the divorce action. He claims that Pennsylvania

---

[1] In 1997, the President Judge held Catanzaro in contempt of the court's Protection From Abuse Order and incarcerated him.

2

Superior Court Judges Musmanno, Gantman, and Beck conspired with each other and with judges from the Lackawanna County Court of Common Pleas to protect a lower court judge by denying Catanzaro's appeal of the final divorce decree. He says that, by preventing the enforcement of recusal provisions of the Code of Judicial Conduct, all of the judges, including un-named Justices of the Pennsylvania Supreme Court, violated his procedural and substantive due process rights under the Fourteenth Amendment. He seeks damages and an order enjoining the defendants from denying him full and fair access to the courts.

After the defendants filed Rule 12(b)(6) motions to dismiss, Catanzaro filed a motion to amend his complaint, which the District Court granted in April 2006, ordering that Catanzaro file the amended complaint within fifteen days. The District Court denied Catanzaro's requests to extend the time for filing an amended complaint. On August 7, 2006, the District Court granted the defendants' Rule 12 dismissal motions and dismissed the Complaint with prejudice for failure to state a claim.

The District Court held that Catanzaro's action for damages against the defendants, all of whom are judges, is barred by the doctrine of judicial immunity because the Complaint alleged acts performed by the judges within the scope of their judicial duties, specifically, making rulings unfavorable to Catanzaro. See Pierson v. Ray, 386 U.S. 547 (1967). Catanzaro filed a motion for relief from judgment, claiming that the court wrongly denied his recusal motion and arguing that the court's initial allowance of fifteen days to file an amended complaint was unreasonable given Cantanzaro's age and health

3

status and the fact that he had to travel long distances to conduct legal research. The District Court denied the Rule 60(b) motion, ruling that Catanzaro was not entitled to relief under any of the Rule's six subsections. Catanzaro timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. For essentially the same reasons set forth by the District Court in its Order entered August 7, 2006, we will summarily affirm.

First, the District Court did not abuse its discretion in denying Catanzaro more time to file an amended complaint. Under the simplified notice pleading standard employed in the federal courts, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Notably, the Rule does not require lengthy pleadings with citations to legal authority. Here, the District Court granted Catanzaro's motion and allowed him to amend his Complaint within fifteen days, more than enough time to file a notice pleading. Instead of complying with that order by filing a short and plain statement of his amended claims, however, Catanzaro chose to spend the next four months filing two motions for extensions of time, a motion to recuse, and a motion for reconsideration.

The District Court properly dismissed Catanzaro's Complaint with prejudice for failure to state a claim upon which relief can be granted. His claims for damages against the judicial defendants are barred by the doctrine of absolute judicial immunity. A judicial officer in the performance of his duties has absolute immunity from suit. Mireles v. Waco, 502 U.S. 9, 12 (1991). "A judge will not be deprived of immunity because the

4

action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citation omitted).

Construing the Complaint liberally and assuming the truth of the allegations and all reasonable inferences drawn therefrom, we find that Catanzaro has not stated a claim that the judicial defendants' actions were taken in clear absence of their jurisdiction. When Judge Cottone denied Catanzaro's motion to recuse and determined the division of monies from the sale of the Catanzaro home, the judge acted within his jurisdiction to preside over and decide divorce, custody and child support matters pursuant to Pennsylvania law. The Pennsylvania Superior Court Judges and Supreme Court Justices also acted within their respective authority in denying Catanzaro's appeals.

Catanzaro's claim for injunctive relief is meritless. Under the 1996 amendments to § 1983, injunctive relief against judicial officers for acts or omissions taken in the officer's judicial capacity "shall not be granted" unless a declaratory decree was violated or declaratory relief was unavailable. See 42 U.S.C. § 1983. The 1996 amendment applies to state and federal judicial officers. See Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006) (citing Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000)). Catanzaro's Complaint is devoid of any allegation that declaratory relief is unavailable or that a declaratory decree has been denied, and, thus, his claim for injunctive relief is barred. Id.

Because the § 1983 Complaint was properly dismissed and no substantial question is presented by this appeal, the District Court's judgment will be affirmed. See Third Circuit LAR 27.4 and I.O.P. 10.6.